By the Court.
We have examined the errors complained of as a ground for the reversal .of the judgment below.
Upon each of the contentions, save one, the law is well settled against the plaintiff in error. That one contention is the question of the admissibility of the evidence of certain physicians touching the nature and seriousness of the injuries of the plaintiff below.
The trial court sustained the objection of the plaintiff below to certain physicians testifying for the defendant below as to a diagnosis they had made of the plaintiff’s physical condition. The objection was based on Section 11494, General Code, which reads: “The following persons shall not testify in certain respects: * * * or a physician, concerning a communication made to him by his patient in that relation, or his advice to his patient.”
We hold that a communication by the patient to the physician may be not only by word of mouth but also by exhibiting the body or any part thereof to the physician for his opinion, examination or diagnosis, and that that sort of communication is quite as clearly within the statutes as a communication by word of mouth.
The same section (11494) contains the following language: “But the attorney or physician may testify by express consent of the client or patient; and if the client or patient voluntarily tes *383 tifies, the attorney or physician may be compelled to testify on the same subject.”
This qualifying clause we hold to mean that there cannot be a waiver except in two ways: First, by an express consent of the patient, or by the patient taking the stand and voluntarily testifying as to the things and matters communicated to his physician, the latter being held to be in effect an express waiver as to that physician. There being no express waiver nor any testimony by the plaintiff, touching the things and matters communicated to such physicians, whose testimony was excluded, we find there was no error.

Judgment affirmed.

Johnson, Wanamaker, Newman and Wilkin, JJ., concur.